UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAYTON MALL MIAMI TWP, LLC,

Plaintiff,

Case No. 3:26-cv-246

vs.

MIAMISBURG SPRINGBORO MALL ANCHOR, LLC,

Defendant.

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING THE PARTIES' MOTIONS TO REMAND (Doc. Nos. 5, 14); (2) REMANDING THIS CASE TO THE MONTGOMERY COUNTY, OHIO COURT OF COMMON PLEAS; (3) DENYING PLAINTIFF'S MOTION FOR HEARING (Doc. No. 16); (4) ORDERING DEFENDANT TO PAY THE COSTS AND EXPENSES INCURRED BY DEFENDANT AS A RESULT OF REMOVAL; AND (5) ORDERING PLAINTIFF TO FILE A MOTION WITHIN FOURTEEN (14) DAYS DOCUMENTING REASONABLE EXPENDITURES**

---

In this civil case, premised on diversity jurisdiction, and removed from the Montgomery County, Ohio Court of Common Pleas, both parties have filed motions to remand to state court. Doc. Nos. 5, 14. In its motion to remand, Plaintiff argues that it should be awarded the costs and attorneys' fees it incurred because of Defendant's improper removal given that "there [was] no objectively reasonable basis for removal." Doc. No. 5-1 at PageID 1304. Defendant did not respond to Plaintiff's motion. Nor did Defendant address the issue of costs and attorneys' fees in its own motion to remand. *See generally* Doc. No. 14. Plaintiff has also filed a motion for a hearing on the issue of awarding costs and attorney's fees. Doc. No. 16. Defendant filed a memorandum in opposition. Doc. No. 17. For the reasons stated herein, the Court grants the parties' two motions to remand, remands the case to the Montgomery County Court of Common Pleas, denies Plaintiff's motion for a hearing, and awards Plaintiff its reasonable costs and fees

incurred as a result of Defendant's improper removal to this Court.

**I.**

Plaintiff initiated this case in the Montgomery County Court of Common Pleas on June 15, 2026. *See* generally Doc. No. 1-1. Defendant timely removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. 1 at PageID 1; *see* 28 U.S.C. § 1441(a). Plaintiff, an LLC, filed its Rule 7.1(a)(2) disclosure reporting its citizenship in Georgia and Delaware. Doc. No. 12. Defendant failed to file a Rule 7.1(a)(2) disclosure statement, despite being ordered to do so by Judge Gentry. Doc. Nos. 3, 13. On July 20, 2026, Plaintiff filed a motion for remand. Doc. No. 5. Defendant did not respond to Plaintiff's motion and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Defendant filed its own motion to remand on August 21, 2026 (Doc. No. 14), and Plaintiff filed a response on August 24, 2026 (Doc. No. 15). The parties' motions are now ripe for review.

**II.**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Two bases for jurisdiction exist: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The "forum defendant rule" generally prohibits in-state defendants from removing a

case, despite the fact that complete diversity of citizenship otherwise exists. *See Lofino v. Gigante*, Case No. 3:23-cv-108, 2024 WL 344105, at *2 (S.D. Ohio Jan. 30, 2024).

"A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members." *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (first citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); and then citing *B&N Coal, Inc. v. Blue Race Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020)). A removing defendant's notice of removal must affirmatively allege the citizenship of each party, including LLCs. *See, e.g.*, *B&N Coal*, 2020 WL 9474311, at *1.

The removing party bears the burden of proving that this Court would have had subject matter jurisdiction if the non-removing party had filed the complaint in federal court, and "all doubts should be resolved against removal." *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006)).

Both parties now acknowledge that removal was improper and agree that the case should be remanded to state court because Defendant is an LLC whose members are citizens of the state of Ohio, the state in which the action was brought. *See* Doc. No. 5-1 at PageID 1301; Doc. No. 14 at PageID 1335. As such, this Court finds it appropriate to remand the case to the Montgomery County Common Pleas Court.

**III.**

In its motion to remand, Plaintiff further argues that it should be awarded the costs and attorney's fees it incurred because of Defendant's improper removal given that "there [was] no objectively reasonable basis for removal." Doc. No. 5-1 at PageID 1304. Defendant did not respond to Plaintiff's motion. Nor did Defendant address the issue of attorney's fees in its own motion to remand. *See generally* Doc. No. 14.

When a district court "determines that a removal action was improper, the action must be remanded, and the order 'may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal.'" *Kent State Univ. Bd. Of Trs. v. Lexington Ins. Co.*, No. 11-3601, 2013 WL 216026, at *3 (6th Cir. Jan. 22, 2013) (quoting 28 U.S.C. § 1447(c)). Attorney's fees and costs may be awarded by the district court "after issuing an order of remand" given the "continued jurisdiction of the district court to consider collateral matters after remand." *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 256–57 (6th Cir. 1997). The decision of whether to award costs and attorney's fees falls "squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the Supreme Court explained that a district court should only award fees in cases where "the removing party lacked an objectively reasonable basis for seeking removal" and no unusual circumstances exist. 546 U.S. at 141.

The Sixth Circuit has further elaborated on this standard, instructing "that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Kent State Univ. Bd of Trs.*, 2013 WL 216026, at *3 (citing *Warthman*, 549 F.3d at 1059–60).

In this case, Defendant did not have an objectively reasonable basis for removal. The federal removal statute is clear: a case that is removable solely on the basis of diversity may not be removed to federal court when "any of the parties . . . properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Further, at the time of removal, Defendant was aware that it was a citizen of Ohio and made the Court aware of

this fact in its notice of removal. Doc. No. 1 at PageID 2 ("Miamisburg is a limited liability company formed under the laws of Ohio. . . . The members of Miamisburg are all Ohio citizens"). Significantly, there are no unusual circumstances present here that weigh against awarding costs and fees. Given these facts, the Court finds that Defendant's attempt to remove was not fairly supportable and an award of reasonable attorney's fees and costs in favor of Plaintiff is warranted.

The Court, therefore, reserves jurisdiction to award reasonable attorney's fees and costs after the proper submission of a motion for reimbursement of same due to improper removal, using the "Lodestar method." *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted) ("It is well settled that the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees.").

**IV.**

Accordingly, the Court **GRANTS** the parties' two motions to remand (Doc. Nos. 5, 14) and **REMANDS** this case to the Montgomery County Court of Common Pleas. Additionally, the Court **ORDERS** Defendant to pay Plaintiff the reasonable attorney's fees and costs it incurred as a result of Defendant's improper removal. Plaintiff shall file a motion with an accompanying affidavit by counsel, applying the Lodestar method, within **FOURTEEN (14) DAYS, *i.e.*, on or before November 18, 2026**. Given that counsel can explain in the motion papers the precise amount of fees and costs to be awarded here, the Court questions the need for a hearing and thus **DENIES** the motion requesting oral argument (Doc. No. 16). The motion shall be briefed in accordance with the time limits set forth in the Local Rules.

**IT IS SO ORDERED.**

November 4, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge